BOUTALL, Judge.
Plaintiffs, former tenants of Tanglewood Apartments, sue the landlord-owners of the leased property, as well as the managers, claiming damages for unreasonable and illegal harassment and invasion of privacy designed to force plaintiffs to move from the premises. The trial court dismissed plaintiffs’ suit and they appeal.
Plaintiffs contend that the lessors failed to maintain the leased property by not repairing a dishwasher despite repeated no-, tice, not repairing an air-conditioning machine despite repeated notice, not maintaining and replacing old rotted carpet, and not painting the apartment in accordance with the lease terms. They charge that their complaints, instead of serving to obtain correction of the defects, apparently caused defendants to file two eviction suits against them, both without cause or grounds, and to cause the seizure of their automobile by the Westwego Police Department. The defendants respond that they were justified in bringing the eviction suits because the plaintiffs were in violation of the lease, and that the car was apparently abandoned and disabled, causing a hazard to the leased premises and the community.
Both sides have offered testimony in support of their positions and that testimony is in direct conflict. It is apparent that the trial judge believed the testimony of the defendants and disbelieved the testimony of plaintiffs. The documentary evidence would in general support the testimony of the defendants. Under these circumstances, we cannot say that the trial judge erred in his resolution of the issues. The evidence supports a finding that the dishwasher was repaired, and the worn carpets replaced. Despite a number of complaints that the air-conditioner was defective, no defects were found upon examination. Each eviction suit was based upon a violation of the lease and the first was dismissed when the attorney for plaintiffs agreed that plaintiffs would move. The second suit was in process when the plaintiffs finally moved. The defendants had determined that an unreported fire had taken place in plaintiffs’ apartment, damaging the apartment, and that no notification of the fire had ever been made. The removal of plaintiffs’ car was accomplished along with a number of other vehicles of which complaint was made to the Westwego Police Department as abandoned, and plaintiffs’ vehicle was noted as having remained in one spot for over one month with no battery in the vehicle and the insides torn out. Its removal appears justified.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

REDMANN, J., dissents in part.